# Exhibit 1



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Sara Givens-Nyarko
_____
Plaintiff

vs.

Case Number    **2020 CA 003573 B**

Crothall Facilities Management, LLC
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael D. Reiter
_____
Name of Plaintiff's Attorney

ChasenBoscolo Injury Lawyers
_____
Address

7852 Walker Drive, Suite 300 Greenbelt, MD
_____

240-624-2379
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Sara Givens-Nyarko
_____
Demandante

contra

Número de Caso: 2020 CA 003573 B

Crothall Facilities Management, LLC
_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Michael D. Reiter
_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

ChasenBoscolo  Injury Lawyers
_____
Dirección
7852 Walker Drive, Suite 300 Greenbelt, MD 20770
_____

Por: _____
Subsecretario

240-624-2379
_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역하려면 (202) 879-4828로 전화 주십시오.       የአማርኛ ትርጉም ለማግኘት (202)  879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Sara Givens-Nyarko
_____
Plaintiff

vs.

Compass One, LLC
_____
Defendant

Case Number  **2020 CA 003573 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael D. Reiter
_____
Name of Plaintiff's Attorney

ChasenBoscolo Injury Lawyers
_____
Address

7852 Walker Drive, Suite 300 Greenbelt, MD 20770
_____

240-624-2379
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Sara Givens-Nyarko
_____
                                    Demandante

        contra

                                                Número de Caso:  2020 CA 003573 B

Compass One, LLC
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Michael D. Reiter                                    _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

ChasenBoscolo  Injury Lawyers                    Por: _____
_____
Dirección                                                            Subsecretario
7852 Walker Drive Suite 300 Greenbelt, MD 20770
_____

240-624-2379                                         Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bản dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828 로 전화주십시오.        የאማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

D.C. Superior Court
08/20/2020 14:45PM
Clerk of the Court

Sara Givens-Nyarko
_____
Plaintiff

vs.

Case Number __2020 CA 003573 B__

Crothall Healthcare, Inc.
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael D. Reiter
_____
Name of Plaintiff's Attorney

ChasenBoscolo Injury Lawyers
_____
Address
7852 Walker Drive, Suite 300 Greenbelt, MD 20770
_____

240-624-2379
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Sara Givens-Nyarko
_____
                                    Demandante

          contra

                                              Número de Caso:  2020 CA 003573 B

Crothall Healthcare, Inc.
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

 Michael D. Reiter                                      *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

 ChasenBoscolo  Injury Lawyers                  Por: _____
_____
Dirección                                                    Subsecretario
 7852 Walker Drive, Suite 300 Greenbelt, MD 20770
_____

 240-624-2379                                      Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828 로 연락하십시오.      የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Sara Givens-Nyarko

Case Number: **2020 CA 003573 B**

vs

Date: 8/10/2020

Crothall Healthcare, Inc., et al.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Michael D. Reiter | Relationship to Lawsuit<br>☒ Attorney for Plaintiff |
| Firm Name:<br>Chasenboscolo Injury Lawyers | ☐ Self (Pro Se) |
| Telephone No.:        Six digit Unified Bar No.:<br>240-624-2379        DC Bar Number: 981814 | ☐ Other: _____ |

TYPE OF CASE:    ☐ Non-Jury        ☒ 6 Person Jury        ☐ 12 Person Jury
Demand: $ 10,000,000.00                                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar # _____

Case No.: _____    Judge: _____    Calendar# _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract         ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation                  ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent           Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                  ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 10 Invasion of Privacy        ☒ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 11 Libel and Slander              Not Malpractice)
☐ 03 Assault and Battery        ☐ 12 Malicious Interference     ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal          ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest               ☒ 16 Negligence- (Not Automobile, ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)            ☐ 23 Tobacco
                                                                ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens  Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_Michael Riter_
_____
Attorney's Signature

**8/10/2020**
_____
Date

CV-496/ June 2015

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SARA GIVENS-NYARKO                          :
1377 Adams Street NE                        :
Washington, DC   20018                      :
                                            :
        Plaintiff,                          :
                                            :
        v.                                  :        Case No.:  **2020 CA 003573 B**
                                            :
CROTHALL HEALTHCARE INC.                    :
2400 Yorkmont Road                          :
Charlotte, North Carolina, 28217            :
        SERVE ON:                           :
        Corporation Service Company         :
        1090 Vermont Avenue NW              :
        Washington, DC 20005                :
                                            :
        &                                   :
                                            :
CROTHALL FACILITIES                         :
MANAGEMENT, LLC                             :
1500 Liberty Drive, Suite 210              :
Wayne, PA 19087                             :
        SERVE ON:                           :
        Corporation Service Company         :
        1090 Vermont Avenue NW              :
        Washington, DC 20005                :
                                            :
        &                                   :
                                            :
COMPASS ONE, LLC                            :
1500 Liberty Drive, Suite 210              :
Wayne, PA 19087                             :
        SERVE ON:                           :
        Corporation Service Company         :
        1090 Vermont Avenue NW              :
        Washington, DC 20005                :
                                            :
                                            :
        Defendants                          :

## **COMPLAINT**

(Negligence, Agency/Vicarious Liability, Negligence Per Se, Negligent Hiring, Training, Retention

and Supervision)

## I. INTRODUCTION

Plaintiff, Sara Givens-Nyarko, by and through undersigned counsel Benjamin T. Boscolo, Michael D. Reiter, and **CHASEN**BOSCOLO INJURY LAWYERS, brings this cause of action against Defendant Crothall Healthcare Inc., Crothall Facilities Management LLC and Compass One LCC, jointly and severally, for damages resulting from a fall which occurred as a result of Defendants' negligence.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 Edition, as supplemented.

## III. PARTIES

2. Plaintiff, Sara Givens-Nyarko (hereinafter "Ms. Givens-Nyarko"), is an adult female citizen of the United States and a resident of the District of Columbia.

3. Upon information and belief, Defendant Crothall Healthcare Inc. (hereinafter "Defendant Crothall Healthcare") is a corporation doing business in and around the District of Columbia.

4. Upon information and belief, Defendant Crothall Facilities Management, LLC (hereinafter "Defendant Crothall Facilities Management") is a corporation doing business in and around the District of Columbia.

5. Upon information and belief, Defendant Compass One, LLC (hereinafter "Defendant Compass One") is a corporation doing business in and around the District of Columbia.

## IV. FACTS

6. On or about February 23, 2018 Ms. Givens-Nyarko, an invitee, was working at Washington Hospital Center (hereinafter the "premises") located at 110 Irving Street, NW, Washington, DC 20010.

7. At that time, an employee, agent and/or servant of Defendant Crothall Healthcare, Defendant Crothall and/or Crothall Facilities Management and/or Defendant Compass One was mopping and cleaning the floor in a hallway between the X-ray and CT Scan room and near a restroom.

8. The employee, agent, and/or servant of Defendant Crothall Healthcare, Defendant Crothall and/or Crothall Facilities Management and/or Defendant Compass One created a slipping/falling hazard when she mopped and cleaned the hallway floor but did not put any caution or wet floor warning signs and left the floor wet and slippery creating an unsafe, dangerous, slippery and hazardous condition on the hallway floor.

9. As Ms. Givens-Nyarko was walking in the hallway there was no caution or wet floor warning signs and, she slipped and fell on the unsafe and dangerously slippery wet floor causing her severe and permanent injuries.

10. Defendant Crothall Healthcare by and through its agents, servants, and/or employees owed a duty to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway.

11. Defendant Crothall Facilities Management by and through its agents, servants, and/or employees owed a duty to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway.

12. Defendant Compass One by and through its agents, servants, and/or employees owed a duty to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway.

13. Defendant Crothall Healthcare knew or should have known that the floors were unsafe as their agent, employee and/or servant caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

14. Defendant Crothall Facilities Management knew or should have known that the floors were unsafe as their agent, employee and/or servant caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

15. Defendant Compass One knew or should have known that the floors were unsafe as their agent, employee and/or servant caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

16. Defendant Crothall Healthcare reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

17. Defendant Crothall Facilities Management reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

18. Defendant Compass One reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

19. Defendant Crothall Healthcare by and through its agent, servant and/or employee allowed liquid and/or water and/or soap to accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

20. Defendant Crothall Facilities Management by and through its agent, servant and/or employee allowed liquid and/or water and/or soap to accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

21. Defendant Compass One by and through its agent, servant and/or employee allowed liquid and/or water and/or soap to accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

22. At the time of the incident, Defendant Crothall Healthcare by and through its agents, servants and employees, owed Ms. Givens-Nyarko, an invitee, and everyone on the premises a duty to refrain from engaging in conduct that endangers anyone.

23. At the time of the incident, Defendant Crothall Facilities Management, by and through its agents, servants and employees, owed Ms. Givens-Nyarko, an invitee, and everyone on the premises a duty to refrain from engaging in conduct that endangers anyone.

24. At the time of the incident, Defendant Compass One by and through its agents, servants and employees, owed Ms. Givens-Nyarko, an invitee, and everyone on the premises a duty to refrain from engaging in conduct that endangers anyone.

25. Defendant Crothall Healthcare had the duty to have proper staffing to protect everyone on the premises from being injured.

26. Defendant Crothall Facilities Management Defendant Compass One had the duty to have proper staffing to protect everyone on the premises from being injured.

27. Defendant Compass One had the duty to have proper staffing to protect everyone on the premises from being injured.

28. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to properly inspect the premises to protect everyone on its premises from being injured.

29. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty to properly inspect the premises to protect everyone on its premises from being injured.

30. Defendant Compass One by and through its agents, servants and employees had the duty to properly inspect the premises to protect everyone on its premises from being injured.

31. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

32. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

33. Defendant Compass One by and through its agents, servants and employees had the duty to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

34. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to have proper matting to prevent falls and protect everyone on the premises from being injured.

35. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty to have proper matting to prevent falls and protect everyone on the premises from being injured.

36. Defendant Compass One by and through its agents, servants and employees had the duty to have proper matting to prevent falls and protect everyone on the premises from being injured.

37. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to have visible wet floor warning signs to protect everyone on the premises from being injured.

38. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty to have visible wet floor warning signs to protect everyone on the premises from being injured.

39. Defendant Compass One  by and through its agents, servants and employees had the duty to have visible wet floor warning signs to protect everyone on the premises from being injured.

40. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

41. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

42. Defendant Compass One by and through its agents, servants and employees had the duty to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

43. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty, in general, to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

44. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty, in general, to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

45. Defendant Compass One by and through its agents, servants and employees had the duty, in general, to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

46. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty, in general, to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

47. Defendant Crothall Facilities Management by and through its agents, servants and employees had the duty, in general, to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

48. Defendant Compass One by and through its agents, servants and employees had the duty, in general, to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

49. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

50. Defendant Crothall Facilties Management by and through its agents, servants and employees had the duty to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

51. Defendant Compass One by and through its agents, servants and employees had the duty to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

52. Defendant Crothall Healthcare had the duty to properly train its agents, employees and servants to protect everyone on the premises from being injured.

53. Defendant Crothall Facilities Management had the duty to properly train its employees, agents and servants to protect everyone on the premises from being injured.

54. Defendant Compass One had the duty to properly train its employees, agents and servants to protect everyone on the premises from being injured.

55. Defendant Crothall Healthcare had the duty to properly supervise its employees, agents and servants to protect everyone on the premises from being injured.

56. Defendant Crothall Facilities Management had the duty to properly supervise its employees, agents and servants to protect everyone on the premises from being injured.

57. Defendant Compass One had the duty to properly supervise its employees, agents and servants to protect everyone on the premises from being injured.

58. Defendant Crothall Healthcare had the duty to hire safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

59. Defendant Crothall Facilities Management had the duty to hire safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

60. Defendant Compass One had the duty to hire safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

61. Defendant Crothall Healthcare had the duty to only retain safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

62. Defendant Crothall Facilities Management Healthcare had the duty to only retain safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

63. Defendant Compass One had the duty to only retain safe, qualified employees, agents and servants to protect everyone on the premises from being injured.

64. Defendant Crothall Healthcare by and through its agents, servants and employees had the duty to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

65. Defendant Crothall Facilities Management, by and through its agents, servants and employees had the duty to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

66. Defendant Compass One, by and through its agents, servants and employees had the duty to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

67. Defendant Crothall Healthcare breached these duties by failing to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway.

68. Defendant Crothall Facilities Management owed a duty to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway

69. Defendant Compass One owed a duty to exercise ordinary care to keep the property in a safe condition for use by those walking through the hallway.

70. Defendant Crothall Healthcare breached these duties when they knew or should have known that the floors were unsafe as their agent, employee and/or servant caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

71. Defendant Crothall Facilities Management breached these duties when they knew or should have known that the floors were unsafe as their agent, employee and/or servant

caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

72. Defendant Compass One breached these duties when they knew or should have known that the floors were unsafe as their agent, employee and/or servant caused the unsafe condition of the dangerously slippery and wet floor when the agent, employee and/or servant mopped and left the floors wet and failed to put up any caution or wet floor warning signs.

73. Defendant Crothall Healthcare by and through its agent, servant and/or employee breached these duties when they reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

74. Defendant Crothall Facilities Management by and through its agent, servant and/or employee breached these duties when they reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

75. Defendant Compass One by and through its agent, servant and/or employee breached these duties when they reasonably knew or should have known of the unsafe condition of the hallway floor created by its agent, servant, and/or employee and the danger that it posed to cause people walking through the hallway to fall and be injured.

76. Defendant Crothall Healthcare by and through its agent, servant and/or employee breached these duties when they allowed liquid and/or water and/or soap to accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

77. Defendant Crothall Facilities Management by and through its agent, servant and/or employee breached these duties when they allowed liquid and/or water and/ or soap to

accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

78. Defendant Compass One by and through its agent, servant and/or employee breached these duties when they allowed liquid and/or water and/or soap to accumulate on the hallway floor without drying the area and without putting up any caution or wet floor warning signs.

79. Defendant Crothall Healthcare by and through its agent, servant and/or employee breached these duties by engaging in conduct that endangered Ms. Givens-Nyarko, an invitee, and everyone on its premises.

80. Defendant Crothall Facilities Management by and through its agent, servant and/or employee breached these duties by engaging in conduct that endangered Ms. Givens-Nyarko, an invitee, and everyone on its premises.

81. Defendant Compass One by and through its agent, servant and/or employee breached these duties by engaging in conduct that endangered Ms. Givens-Nyarko, an invitee, and everyone on its premises.

82. Defendant Crothall Healthcare breached these duties by choosing not to have proper staffing to protect everyone on the premises from being injured.

83. Defendant Crothall Facilities Management breached these duties by choosing not to have proper staffing to protect everyone on the premises from being injured.

84. Defendant Compass One breached these duties by choosing not to have proper staffing to protect everyone on the premises from being injured.

85. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to properly inspect the premises to protect everyone on the premises from being injured.

86. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to properly inspect the premises to protect everyone on the premises from being injured.

87. Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to properly inspect the premises to protect everyone on the premises from being injured.

88. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties when they failed to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

89. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties when they failed to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

90. Defendant Compass One by and through its agents, servants and employees breached these duties when they failed to promptly clear and/or warn of liquid and/or water and/or soap on the floors of the premises to protect everyone on the premises from being injured.

91. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties when they failed to have proper matting to prevent falls and protect everyone on the premises from being injured.

92. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties when they failed to have proper matting to prevent falls and protect everyone on the premises from being injured.

93. Defendant Compass One by and through its agents, servants and employees breached these duties when they failed to have proper matting to prevent falls and protect everyone on the premises from being injured.

94. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to have visible wet floor warning signs to protect everyone on the premises from being injured.

95. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to have visible wet floor warning signs to protect everyone on the premises from being injured.

96. Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to have visible wet floor warning signs to protect everyone on the premises from being injured.

97. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

98. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

99. Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on the premises from being injured.

100. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

101. Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

102. Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in the choices it made about maintaining the premises to protect everyone on the premises from being injured.

103. Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

104.    Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

105.    Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to be reasonably careful in displaying warnings about dangerous and/or defective conditions of which it was aware or had reason to know of to protect everyone on the premises from being injured.

106.    Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by choosing not to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

107.    Defendant Crothall Facilities Management by and through its agents, servants and employees breached these duties by choosing not to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

108.    Defendant Compass One by and through its agents, servants and employees breached these duties by choosing not to repair or replace any dangerous or defective conditions on the premises to protect everyone on the premises from being injured.

109.    Defendant Crothall Healthcare breached these duties by choosing not to properly train its employees to protect everyone on the premises from being injured.

110.    Defendant Crothall Facilities Management breached these duties by choosing not to properly train its employees to protect everyone on the premises from being injured.

111.    Defendant Compass One breached these duties by choosing not to properly train its employees to protect everyone on the premises from being injured.

112.    Defendant Crothall Healthcare breached these duties by choosing not to properly supervise its employees to protect everyone on the premises from being injured.

113.    Defendant Crothall Facilities Management breached these duties by choosing not to properly supervise its employees to protect everyone on the premises from being injured.

114.     Defendant Compass One breached these duties by choosing not to properly supervise its employees to protect everyone on the premises from being injured.

115.     Defendant Crothall Healthcare breached these duties by choosing not to hire safe, qualified employees to protect everyone on the premises from being injured.

116.     Defendant Crothall Facilities Management breached these duties by choosing not to hire safe, qualified employees to protect everyone on the premises from being injured.

117.     Defendant Compass One breached these duties by choosing not to hire safe, qualified employees to protect everyone on the premises from being injured.

118.     Defendant Crothall Healthcare breached these duties by choosing not to only retain safe, qualified employees to protect everyone on the premises from being injured.

119.     Defendant Crothall Facilities Management breached these duties by choosing not to only retain safe, qualified employees to protect everyone on the premises from being injured.

120.     Defendant Compass One breached these duties by choosing not to only retain safe, qualified employees to protect everyone on the premises from being injured.

121.     Defendant Crothall Healthcare by and through its agents, servants and employees breached these duties by failing to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

122.     Defendant Crothall Facilities Management, by and through its agents, servants and employees breached these duties by failing to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

123.     Defendant Compass One, by and through its agents, servants and employees, breached these duties by failing to follow statutory or regulatory standards for safe walking surfaces and/or walkways including but not limited to ANSI ASTM F1637, ANSI ASTM F2965, ANSI, and ASTM F802.

124.     As a direct and proximate result of the conduct of the Defendant Crothall Healthcare, Defendant Crothall Facilities Management and Defendant Compass One's

negligence, Ms. Givens-Nyarko suffered severe, permanent, and uncompensated harms and losses. These harms and losses include past, present, and future pain, suffering, inconvenience, physical pain and emotional distress, immobility and disfigurement and lost past earnings and future lost earnings. These harms and losses caused and continue to cause Ms. Givens-Nyarko to expend sums of money for hospitals, physicians, and related care, accommodations and treatment.    Ms. Givens-Nyarko suffered and continues to suffer from mental and emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish.

125.    Ms. Givens-Nyarko neither contributed to the violation of the safety rules which caused this fall nor assumed the risk of the injuries sustained.

## IV.  STATEMENT OF CLAIMS

### COUNT I
#### (Negligence – Defendant Crothall Healthcare)

126.    Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred twenty-five above and, in addition, avers that the negligence of Defendant Crothall Healthcare and its agents, servants and employees proximately caused damages to Ms. Givens-Nyarko and constitutes a failure to be reasonably careful, allowing for monetary damages.

### COUNT II
#### (Negligence – Defendant Crothall Facilities Management)

127.    Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred twenty-six above and, in addition, avers that the negligence of Defendant Crothall Facilities Management and its agents, servants and employees proximately caused damages to Ms. Givens-Nyarko and constitutes a failure to be reasonably careful, allowing for monetary damages.

### COUNT III
#### (Negligence – Defendant Compass One)

128.         Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred twenty-seven above and, in addition, avers that the negligence of Defendant Compass One and its agents, servants and employees proximately caused damages to Ms. Givens-Nyarko and constitutes a failure to be reasonably careful, allowing for monetary damages.

## COUNT IV

### (Negligence Per Se – Defendant Crothall Healthcare)

129.         Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred twenty-eight above and, in addition, avers that the Defendant Crothall Healthcare and its agents, servants and employees violation of statutes, regulations and industry standards was not reasonably careful and constitutes negligence per se which proximately caused damages to Ms. Givens-Nyarko, justifying an allowance of money damages.

## COUNT V

### (Negligence Per Se – Defendant Crothall Facilities Management)

130.         Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred twenty-nine above and, in addition, avers that the Defendant Crothall Facilities Management and its agents, servants and employees violation of statutes, regulations and industry standards was not reasonably careful and constitutes negligence per se which proximately caused damages to Ms. Givens-Nyarko, justifying an allowance of money damages.

## COUNT VI

### (Negligence Per Se – Defendant Compass One)

131.         Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one through one hundred thirty above and, in addition, avers that the Defendant Compass

One and its agents, servants and employees violation of statutes, regulations and industry standards was not reasonably careful and constitutes negligence per se which proximately caused damages to Ms. Givens-Nyarko, justifying an allowance of money damages.

COUNT VII

(Agency/Vicarious Liability – Defendant Crothall Healthcare)

132.        Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one hundred and thirty-one above and, in addition, avers that Defendant Crothall Healthcare by and through its agents, servants and employees is vicariously liable for its agents, employees, servants and/or contractors negligence while working for Defendant Crothall and with Defendant Crothall's permission and consent, proximately causing damages to Ms. Givens-Nyarko, justifying an award of monetary damages against them.

COUNT VIII

(Agency/Vicarious Liability – Defendant Crothall Facilities Management)

133.        Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one hundred and thirty-two above and, in addition, avers that Defendant Crothall Facilities Management by and through its agents, servants and employees is vicariously liable for its agents, employees, servants and/or contractors negligence while working for Defendant Crothall Facilities Management and with Defendant Crothall Facility Management's permission and consent, proximately causing damages to Ms. Givens-Nyarko, justifying an award of monetary damages against them.

COUNT IX

(Agency/Vicarious Liability – Defendant Compass One)

134.        Plaintiff, Sara Givens-Nyarko, incorporates the allegations of paragraphs one hundred and thirty-three above and, in addition, avers that Defendant Compass One

by and through its agents, servants and employees is vicariously liable for its agents, employees, servants and/or contractors negligence while working for Defendant Compass One and with Defendant Compass One's permission and consent, proximately causing damages to Ms. Givens-Nyarko, justifying an award of monetary damages against them.

## COUNT X

### (Negligent Hiring, Training, Retention and Supervision – Defendant Crothall Healthcare)

135.        Plaintiff, Sara Givens-Nyarko, incorporates herein by reference the allegations set forth in paragraphs one through one hundred thirty-four above and avers that Defendant Crothall Healthcare negligently hired, trained, retained and supervised its employees and constitutes a failure to be reasonably careful proximately causing damages to Ms. Givens-Nyarko, justifying an allowance of money damages from Defendant Crothall Healthcare.

## COUNT XII

### (Negligent Hiring, Training, Retention and Supervision – Defendant Crothall Facilities Management)

136.        Plaintiff, Sara Givens-Nyarko, incorporates herein by reference the allegations set forth in paragraphs one through one hundred thirty-five above and avers that Defendant Crothall Facilities Management negligently hired, trained, retained and supervised its employees and constitutes a failure to be reasonably careful proximately causing damages to Ms. Givens-Nyarko, justifying an allowance of money damages from Defendant Crothall Facilities Management.

## COUNT XIII

### (Negligent Hiring, Training, Retention and Supervision – Defendant Compass One)

137.        Plaintiff, Sara Givens-Nyarko, incorporates herein by reference the allegations set forth in paragraphs one through one hundred thirty-six above and avers

that Defendant Compass One negligently hired, trained, retained and supervised its employees and constitutes a failure to be reasonably careful proximately causing damages to Ms. Givens-Nyarko, justifying an allowance of money damages from Defendant Compass One.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff Sara Givens-Nyarko demands judgment against Defendant Crothall Healthcare, Defendant Crothall Facilities Management, and Defendant Compass One, jointly and severally in the sum of TEN MILLION DOLLARS ($10,000,000.00) for economic and non-economic damages plus interest and costs of this action.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted,

By:  _____
Benjamin T. Boscolo
DC Bar Number: 412860
E-Mail:   BBoscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile:   (301) 474-1230
Attorney for the Plaintiff

By:  _____
Michael D. Reiter
DC Bar Number: 981814
E-Mail:   mreiter@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile:   (301) 474-1230
Attorney for the Plaintiff

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

SARA GIVENS-NYARKO
   Vs.                               C.A. No.     2020 CA 003573 B
CROTHALL HEALTHCARE, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                   Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date:  August 13, 2020
Initial Conference: 9:30 am, Friday, November 13, 2020
Location:   Courtroom 415
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SARA GIVENS-NYARKO ::
1377 Adams Street NE ::
Washington, DC  20018 ::
::
      Plaintiff, ::
::
      v. ::     Case No.: 2020 CA 003573 B
::
CROTHALL HEALTHCARE INC. ::
2400 Yorkmont Road ::
Charlotte, North Carolina, 28217 ::
    SERVE ON: ::
    Corporation Service Company ::
    1090 Vermont Avenue NW ::
    Washington, DC 20005 ::
::
      & ::
::
CROTHALL FACILITIES ::
MANAGEMENT, LLC ::
1500 Liberty Drive, Suite 210 ::
Wayne, PA 19087 ::
    SERVE ON: ::
    Corporation Service Company ::
    1090 Vermont Avenue NW :
    Washington, DC 20005 :
:
      & :
:
COMPASS ONE, LLC :
1500 Liberty Drive, Suite 210 :
Wayne, PA 19087 :
    SERVE ON: :
    Corporation Service Company :
    1090 Vermont Avenue NW :
    Washington, DC 20005 :
:
      Defendants ::

## AFFIDAVIT OF SERVICE

I, Maggie Callahan, am a resident of Maryland.  I am in no way a party to the

above-captioned action, nor am I otherwise interested in the outcome of this suit.  I am over

Eighteen (18) years of age.

Pursuant to Rule D.C. SCR-Civil Rule 4, I mailed a Summons, Complaint, Information Sheet, and Initial Order to Compass One, LLC c/o Coporation Service Company, 1090 Vermont Avenue, N.W., Washington, DC 20005 by certified mail, return receipt requested. Service was effectively made as evidenced by the USPS return receipt, a copy of which is also attached hereto as Exhibit 1.

*Maggie Callahan*
Maggie Callahan

Subscribed and Sworn to before me this 9th day of September, 2020.

Notary Public

My Commission Expires:

GLORIA VALERIE ALVARES
Notary Public-Maryland
Prince George's County
My Commission Expires
February 05, 2024

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Crothall Healthcare, Inc., Crothall Facilities
Management, LLC. Compass one, LLC
Corporation Service Comp.
1090 Vermont Avenue N.W.
Washington, D.C. 20005

9590 9402 5848 0038 8391 03

2. Article Number *(Transfer from service label)*

7020 0640 0000 3186 2702

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☑ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

IVORY GRAHAM    9 2 2020

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
    Insured Mail Restricted Delivery
    (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053.    Domestic Return Receipt

PLAINTIFF'S EXHIBIT

tabbies

1





https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70200640000031862702

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SARA GIVENS-NYARKO                                :
1377 Adams Street NE                              :
Washington, DC  20018                             :
                                                  :
    Plaintiff,                 :
                                                  :
    v.                         :    Case No.: 2020 CA 003573 B
                                                  :
CROTHALL HEALTHCARE INC.                          :
2400 Yorkmont Road                                :
Charlotte, North Carolina, 28217                  :
    SERVE ON:                  :
    Corporation Service Company :
    1090 Vermont Avenue NW      :
    Washington, DC 20005       :
                                                  :
    &              :
                                                  :
CROTHALL FACILITIES                               :
MANAGEMENT, LLC                                   :
1500 Liberty Drive, Suite 210                     :
Wayne, PA 19087                                   :
    SERVE ON:                  :
    Corporation Service Company :
    1090 Vermont Avenue NW      :
    Washington, DC 20005       :
                                                  :
    &              :
                                                  :
COMPASS ONE, LLC                                  :
1500 Liberty Drive, Suite 210                     :
Wayne, PA 19087                                   :
    SERVE ON:                  :
    Corporation Service Company :
    1090 Vermont Avenue NW      :
    Washington, DC 20005       :
                                                  :
    Defendants                 :
                                                  :

## AFFIDAVIT OF SERVICE

    I, Maggie Callahan, am a resident of Maryland.  I am in no way a party to the

above-captioned action, nor am I otherwise interested in the outcome of this suit.  I am over

Eighteen (18) years of age.

Pursuant to Rule D.C. SCR-Civil Rule 4, I mailed a Summons, Complaint, Information Sheet, and Initial Order to Crothall Facilities Management, LLC c/o Coporation Service Company, 1090 Vermont Avenue, N.W., Washington, DC 20005 by certified mail, return receipt requested.  Service was effectively made as evidenced by the USPS return receipt, a copy of which is also attached hereto as Exhibit 1.

*Maggie Callahan*
Maggie Callahan

Subscribed and Sworn to before me this 9th day of September, 2020.

Notary Public

My Commission Expires:

GLORIA VALERIE ALVARES
Notary Public-Maryland
Prince George's County
My Commission Expires
February 08, 2024

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Crothall Healthcare, Inc, Crothall Facilities
Management, LLC. Compass One, LLC
Corporation Service Comp.
1090 Vermont Avenue N.W.
Washington, O.C. 20005

9590 9402 5848 0038 8391 03

2. Article Number *(Transfer from service label)*

7020 0640 0000 3186 2702

PS Form 3811, July 2015 PSN 7530-02-000-9053.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☑ Agent ☐ Addressee

B. Received by *(Printed Name)* IVORY GRAHAM
C. Date of Delivery 9 2 2020

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**PLAINTIFF'S EXHIBIT**

1



**Tracking Number:** 70200640000031862702

Remove ✕

**Status**

✓ **Delivered**

September 2, 2020 at 1:36 pm
Delivered, Left with Individual
WASHINGTON, DC 20006

Get Updates ⌄

Delivered

Text & Email Updates ⌄

Tracking History ⌄

Product Information ⌄

See Less ⌃

### Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.



https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70200640000031862702

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SARA GIVENS-NYARKO                    :
1377 Adams Street NE                  :
Washington, DC  20018                 :
                                      :
    Plaintiff,                    :
                                      :
                                      :
    v.                            :        Case No.: 2020 CA 003573 B
                                      :
CROTHALL HEALTHCARE INC.              :
2400 Yorkmont Road                    :
Charlotte, North Carolina, 28217      :
    SERVE ON:                     :
    Corporation Service Company   :
    1090 Vermont Avenue NW        :
    Washington, DC 20005          :
                                      :
    &               :
                                      :
CROTHALL FACILITIES                   :
MANAGEMENT, LLC                       :
1500 Liberty Drive, Suite 210         :
Wayne, PA 19087                       :
    SERVE ON:                     :
    Corporation Service Company   :
    1090 Vermont Avenue NW        :
    Washington, DC 20005          :
                                      :
    &               :
                                      :
COMPASS ONE, LLC                      :
1500 Liberty Drive, Suite 210         :
Wayne, PA 19087                       :
    SERVE ON:                     :
    Corporation Service Company   :
    1090 Vermont Avenue NW        :
    Washington, DC 20005          :
                                      :
    Defendants                    :

## AFFIDAVIT OF SERVICE

    I, Maggie Callahan, am a resident of Maryland.  I am in no way a party to the

above-captioned action, nor am I otherwise interested in the outcome of this suit.  I am over

Eighteen (18) years of age.

Pursuant to Rule D.C. SCR-Civil Rule 4, I mailed a Summons, Complaint, Information Sheet, and Initial Order to Crothall Healthcare, Inc., c/o Coporation Service Company, 1090 Vermont Avenue, N.W., Washington, DC 20005 by certified mail, return receipt requested. Service was effectively made as evidenced by the USPS return receipt, a copy of which is also attached hereto as Exhibit 1.

*Maggie Callahan*
Maggie Callahan

Subscribed and Sworn to before me this 9ᵗʰ day of September, 2020.

Notary Public

My Commission Expires:

GLORIA VALERIE ALVARES
Notary Public-Maryland
Prince George's County
My Commission Expires
February 05, 2024

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Crothall Healthcare, Inc., Crothall Facilities
Management, LLC. Compass One, LLC
Corporation Service Comp.
1090 Vermont Avenue N.W.
Washington, D.C. 20005

9590 9402 5848 0038 8391 03

2. Article Number *(Transfer from service label)*

7020 0640 0000 3186 2702

PS Form **3811**, July 2015 PSN 7530-02-000-9053.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☒ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
IVORY GRAHAM        9/2/2020

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PLAINTIFF'S EXHIBIT
tabbies
1



**Tracking Number:** 70200640000031862702

Remove ✕

**Status**

 **Delivered**

Your item was delivered to an individual at the address at 1:36 pm on September 2, 2020 in WASHINGTON, DC 20005.

September 2, 2020 at 1:36 pm
Delivered, Left with Individual
WASHINGTON, DC 20005

Get Updates ⌄

Delivered

Text & Email Updates                                                    ⌄

Tracking History                                                       ⌄

Product Information                                                    ⌄

See Less ⌃

**Can't find what you're looking for?**

Go to our FAQs section to find answers to your tracking questions.

FAQs

https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70200640000031862702

**Filed**
**D.C. Superior Court**
**09/23/2020 17:05PM**
**Clerk of the Court**

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| SARA GIVENS-NYARKO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2020 CA 003573 B |
| ) | |
| v. ) | Judge: Florence Y. Pan |
| ) | Next Event: Initial Scheduling |
| CROTHALL HEALTHCARE INC.; CROTHALL ) | Conference, November 13, 2020 |
| FACILITIES MANAGEMENT, LLC; AND ) | |
| COMPASS ONE, LLC ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CROTHALL HEALTHCARE INC.,**
**CROTHALL FACILITIES MANAGEMENT, LLC AND**
**COMPASS ONE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Crothall Healthcare Inc., Crothall Facilities Management, Inc., incorrectly

named as Crothall Facilities Management, LLC, and Compass Group USA, Inc., incorrectly named

as Compass One, LLC ("Defendants"), by and through counsel, specifically deny each and every

allegation in Plaintiff's Complaint not expressly and specifically admitted herein and for its

Answer, with Separate Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

II.    JURISDICTION AND VENUE

1.    The allegations stated in Paragraph 1 of Plaintiff's Complaint call for a legal

conclusion to which no response is required. To the extent a response is required from Defendants,

Defendants deny the allegations.

III.    PARTIES

2.    Defendants are without knowledge or information sufficient to admit or deny the

allegations stated in Paragraph 2 of Plaintiff's Complaint and therefore, deny the allegations.

3.      Crothall Healthcare, Inc. admits it is a Delaware corporation authorized to do business in the District of Columbia with a principal place of business at 1500 Liberty Ridge Drive, Suite 210 in Wayne, Pennsylvania.  Crothall Healthcare, Inc. denies any remaining allegations stated in Paragraph 3 of Plaintiff's Complaint.

4.      Crothall Facilities Management, Inc. admits it is a Pennsylvania Corporation authorized to do business in the District of Columbia with a principal place of business at 1500 Liberty Ridge Drive, Suite 210 in Wayne, Pennsylvania.  Crothall Facilities Management, Inc. denies any remaining allegations stated in Paragraph 4 of Plaintiff's Complaint

5.      Compass One, LLC a/k/a Compass Group USA, Inc. is a Delaware corporation authorized to do business in the District of Columbia with a principal place of business at 2400 Yorkmont Road in Charlotte, North Carolina.  Compass Group USA, Inc. denies any remaining allegations stated in Paragraph 5 of Plaintiff's Complaint.

IV.    <u>FACTS</u>

6.      Defendants are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 6 of Plaintiff's Complaint and therefore, deny the allegations.

7.      Defendants are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 7 of Plaintiff's Complaint and therefore, deny the allegations.

8.      Defendants deny the allegations stated in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny the allegations stated in Paragraph 9 of Plaintiff's Complaint.

10.     The allegations stated in Paragraph 10 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

11.     The allegations stated in Paragraph 11 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

12.     The allegations stated in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

13.     Defendants deny the allegations stated in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations stated in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations stated in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations stated in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations stated in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations stated in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations stated in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations stated in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations stated in Paragraph 21 of Plaintiff's Complaint.

22.     The allegations stated in Paragraph 22 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

23.     The allegations stated in Paragraph 23 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

24.     The allegations stated in Paragraph 24 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

25.     The allegations stated in Paragraph 25 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

26.     The allegations stated in Paragraph 26 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

27.     The allegations stated in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

28.     The allegations stated in Paragraph 28 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

29.     The allegations stated in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

30.     The allegations stated in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

31.     The allegations stated in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

32.     The allegations stated in Paragraph 32 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

33.     The allegations stated in Paragraph 33 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

34.     The allegations stated in Paragraph 34 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

35.     The allegations stated in Paragraph 35 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

36.     The allegations stated in Paragraph 36 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

37.     The allegations stated in Paragraph 37 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

38.    The allegations stated in Paragraph 38 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

39.    The allegations stated in Paragraph 39 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

40.    The allegations stated in Paragraph 40 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

41.    The allegations stated in Paragraph 41 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

42.    The allegations stated in Paragraph 42 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

43.    The allegations stated in Paragraph 43 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

44.    The allegations stated in Paragraph 44 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

45.     The allegations stated in Paragraph 45 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

46.     The allegations stated in Paragraph 46 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

47.     The allegations stated in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

48.     The allegations stated in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

49.     The allegations stated in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

50.     The allegations stated in Paragraph 50 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

51.     The allegations stated in Paragraph 51 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

52.     The allegations stated in Paragraph 52 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

53.     The allegations stated in Paragraph 53 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

54.     The allegations stated in Paragraph 54 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

55.     The allegations stated in Paragraph 55 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

56.     The allegations stated in Paragraph 56 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

57.     The allegations stated in Paragraph 57 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

58.     The allegations stated in Paragraph 58 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

59.    The allegations stated in Paragraph 59 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

60.    The allegations stated in Paragraph 60 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

61.    The allegations stated in Paragraph 61 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

62.    The allegations stated in Paragraph 62 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

63.    The allegations stated in Paragraph 63 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

64.    The allegations stated in Paragraph 64 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

65.    The allegations stated in Paragraph 65 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

4840-5031-8026 v1

66.    The allegations stated in Paragraph 66 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

67.    Defendants deny the allegations stated in Paragraph 67 of Plaintiff's Complaint.

68.    The allegations stated in Paragraph 68 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

69.    The allegations stated in Paragraph 69 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

70.    Defendants deny the allegations stated in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants deny the allegations stated in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny the allegations stated in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants deny the allegations stated in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants deny the allegations stated in Paragraph 74 of Plaintiff's Complaint.

75.    Defendants deny the allegations stated in Paragraph 75 of Plaintiff's Complaint.

76.    Defendants deny the allegations stated in Paragraph 76 of Plaintiff's Complaint.

77.    Defendants deny the allegations stated in Paragraph 77 of Plaintiff's Complaint.

78.    Defendants deny the allegations stated in Paragraph 78 of Plaintiff's Complaint.

79.    Defendants deny the allegations stated in Paragraph 79 of Plaintiff's Complaint.

80.    Defendants deny the allegations stated in Paragraph 80 of Plaintiff's Complaint.

81.    Defendants deny the allegations stated in Paragraph 81 of Plaintiff's Complaint.

82.    Defendants deny the allegations stated in Paragraph 82 of Plaintiff's Complaint.

4840-5031-8026 v1

83.    Defendants deny the allegations stated in Paragraph 83 of Plaintiff's Complaint.

84.    Defendants deny the allegations stated in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants deny the allegations stated in Paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations stated in Paragraph 86 of Plaintiff's Complaint.

87.    Defendants deny the allegations stated in Paragraph 87 of Plaintiff's Complaint.

88.    Defendants deny the allegations stated in Paragraph 88 of Plaintiff's Complaint.

89.    Defendants deny the allegations stated in Paragraph 89 of Plaintiff's Complaint.

90.    Defendants deny the allegations stated in Paragraph 90 of Plaintiff's Complaint.

91.    Defendants deny the allegations stated in Paragraph 91 of Plaintiff's Complaint.

92.    Defendants deny the allegations stated in Paragraph 92 of Plaintiff's Complaint.

93.    Defendants deny the allegations stated in Paragraph 93 of Plaintiff's Complaint.

94.    Defendants deny the allegations stated in Paragraph 94 of Plaintiff's Complaint.

95.    Defendants deny the allegations stated in Paragraph 95 of Plaintiff's Complaint.

96.    Defendants deny the allegations stated in Paragraph 96 of Plaintiff's Complaint.

97.    Defendants deny the allegations stated in Paragraph 97 of Plaintiff's Complaint.

98.    Defendants deny the allegations stated in Paragraph 98 of Plaintiff's Complaint.

99.    Defendants deny the allegations stated in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations stated in Paragraph 100 of Plaintiff's Complaint.

101.    Defendants deny the allegations stated in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the allegations stated in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants deny the allegations stated in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants deny the allegations stated in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny the allegations stated in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny the allegations stated in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny the allegations stated in Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny the allegations stated in Paragraph 108 of Plaintiff's Complaint.

109.    Defendants deny the allegations stated in Paragraph 109 of Plaintiff's Complaint.

110.    Defendants deny the allegations stated in Paragraph 110 of Plaintiff's Complaint.

111.    Defendants deny the allegations stated in Paragraph 111 of Plaintiff's Complaint.

112.    Defendants deny the allegations stated in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny the allegations stated in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants deny the allegations stated in Paragraph 114 of Plaintiff's Complaint.

115.    Defendants deny the allegations stated in Paragraph 115 of Plaintiff's Complaint.

116.    Defendants deny the allegations stated in Paragraph 116 of Plaintiff's Complaint.

117.    Defendants deny the allegations stated in Paragraph 117 of Plaintiff's Complaint.

118.    Defendants deny the allegations stated in Paragraph 118 of Plaintiff's Complaint.

119.    Defendants deny the allegations stated in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the allegations stated in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants deny the allegations stated in Paragraph 121 of Plaintiff's Complaint.

122.    Defendants deny the allegations stated in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny the allegations stated in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny the allegations stated in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny the allegations stated in Paragraph 125 of Plaintiff's Complaint.

4840-5031-8026 v1

## V.    STATEMENT OF CLAIMS

### COUNT I
### (Negligence – Defendant Crothall Healthcare)

126.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 126 of Plaintiff's Complaint.

### COUNT II
### (Negligence – Defendant Crothall Facilities Management)

127.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 126 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 127 of Plaintiff's Complaint.

### COUNT III
### (Negligence – Defendant Compass One)

128.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 127 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 128 of Plaintiff's Complaint.

### COUNT IV
### (Negligence Per Se – Defendant Crothall Healthcare)

129.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 128 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 129 of Plaintiff's Complaint.

4840-5031-8026 v1

## COUNT V
### (Negligence Per Se – Defendant Crothall Facilities Management

130.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 129 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 130 of Plaintiff's Complaint.

## COUNT VI
### (Negligence Per Se – Defendant Compass One)

131.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 130 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 131 of Plaintiff's Complaint.

## COUNT VII
### (Agency/Vicarious Liability – Defendant Crothall Healthcare)

132.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 131 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 132 of Plaintiff's Complaint.

## COUNT VIII
### (Agency/Vicarious Liability Defendant Crothall Facilities Management

133.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 132 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 133 of Plaintiff's Complaint.

## COUNT IX
### (Agency/Vicarious Liability – Defendant Compass One)

134.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 133 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 134 of Plaintiff's Complaint.

4840-5031-8026 v1

COUNT X
(Negligent Hiring, Training, Retention and Supervision – Defendant Crothall Healthcare)

135.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 134 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 135 of Plaintiff's Complaint.

COUNT XI
(Negligent Hiring, Training, Retention and Supervision – Defendant Crothall Facilities)

136.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 135 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 136 of Plaintiff's Complaint.

COUNT XII
(Negligent Hiring, Training, Retention and Supervision – Defendant Compass One)

137.    Defendants incorporate and re-allege their answers to Paragraphs 1 through 136 as if fully set forth herein and in addition, deny the allegations stated in Paragraph 137 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff has failed to properly and timely serve Defendants with the Complaint pursuant to Rule 4(c)(1).

**THIRD DEFENSE**

The court lacks jurisdiction over this matter.  Defendants do not waive any objection to jurisdiction through submission of this Answer.

4840-5031-8026 v1

## FOURTH DEFENSE

Venue is improper in this Court.  Defendants do not waive any objection to venue through submission of this Answer.

## FIFTH DEFENSE

Defendants deny that it breached any duty or obligation to Plaintiff and generally denies that it was negligent.

## SIXTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks of injury, thereby barring Plaintiff from any recovery from Defendants.

## SEVENTH DEFENSE

Plaintiff's alleged damages are speculative and/or not reasonably certain and are therefore barred as a matter of law.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's own negligence and/or failure to exercise ordinary care for her own safety and, therefore, Plaintiff cannot recover from Defendants.

## NINTH DEFENSE

Plaintiff has failed to mitigate damages.

## TENTH DEFENSE

The alleged area where Plaintiff was injured was not dangerous.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, were caused by unforeseeable, intervening causes that bar Plaintiff's recovery from Defendants.

4840-5031-8026 v1

## TWELFTH DEFENSE

Defendants cannot be liable for Plaintiff's alleged injuries because Defendants did not own or control the premises.

## THIRTEENTH DEFENSE

Defendants had no notice, whether actual or constructive, of the alleged defect/condition that caused Plaintiff's alleged accident.

## FOURTEENTH DEFENSE

The negligence of Plaintiff was a superseding, intervening cause of Plaintiff's damages.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, were the result of the superseding and/or intervening acts and/or omissions of other persons or entities over whom Defendants exercised no right of control.

## SIXTEENTH DEFENSE

Plaintiff's alleged damages are the result of pre-existing ailments, disabilities and/or defects and, therefore, any recovery by Plaintiff should not include compensation for any physical ailments, defects or disabilities that may have existed prior to the occurrence referred to in Plaintiff's Complaint when such were not caused or contributed to by reason of the occurrence.

## SEVENTEENTH DEFENSE

Any recovery by Plaintiff shall be offset and reduced by the amount of net collateral source benefits received or reasonably expected to be received in the future by Plaintiff.

## EIGHTEENTH DEFENSE

Plaintiff's recovery against Defendants, if any, should be reduced or barred by any settlement, judgment, or payment of any kind received from any other individual or entity in connection with the subject matter of the incident described in Plaintiff's Complaint.

4840-5031-8026 v1

## NINETEENTH DEFENSE

The causes of action Plaintiff attempts to state in her Complaint are barred by the applicable statute of limitations.

## TWENTIETH DEFENSE

The Complaint, and each and every alleged cause of action therein are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-FIRST DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other defendants to this action.

## **JURY DEMAND**

Defendants Crothall Healthcare Inc., Crothall Facilities Management, LLC, and Compass One, LLC respectfully request a trial by jury on all matters herein.

**WHEREFORE**, Defendants Crothall Healthcare Inc., Crothall Facilities Management, LLC, and Compass One, LLC, having fully answered Plaintiff's Complaint, respectfully request that this case be dismissed and that judgment be entered in favor of Defendants, that Defendants be released from this action, that appropriate costs and attorneys' fees be awarded to Defendants, and for such other and further relief as the Court deems appropriate and proper.

4840-5031-8026 v1

Dated:  September 23, 2020

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


 */s/ Caitlin R. Convery*
Caitlin R. Convery
Bar No. 1047624
1800 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel. (202) 783-8400
Fax: (202) 783-4211
*cconvery@shb.com*

*Attorney for Defendants*
*Crothall Healthcare Inc.,*
*Crothall Facilities Management, Inc., and*
*Compass Group USA, Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 23rd day of September, 2020, a copy of the foregoing document was filed electronically this day and is available for viewing from the Court's ECF system.  Notice of this filing will be sent to all counsel of record via the Court's ECF system. Parties may access this filing through the Court's system.

> Benjamin T. Boscolo
> Michael D. Reiter
> CHASENBOSCOLO INJURY LAWYERS
> 7852 Walker Drive, Suite 300
> Greenbelt, MD 20770
> BBoscolo@chasenboscolo.com
> Mreiter@chasenboscolo.com
>
> *Attorneys for Plaintiff*

> */s/ Caitlin R. Convery*
> Caitlin R. Convery

20

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| SARA GIVENS-NYARKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2020 CA 003573 B |
| | ) |
| CROTHALL HEALTHCARE INC.; CROTHALL | ) Judge: Florence Y. Pan |
| FACILITIES MANAGEMENT, LLC; AND | ) Next Event: Initial Scheduling |
| COMPASS ONE, LLC | ) Conference, November 13, 2020 |
| | ) |
| Defendants. | ) |

## <u>ENTRY OF APPEARANCE</u>

COMES NOW Caitlin R. Convery of the law firm of Shook, Hardy & Bacon, LLP hereby

enters her appearance herein as counsel for Defendants Crothall Healthcare Inc., Crothall Facilities

Management, Inc., incorrectly named as Crothall Facilities Management, LLC, and Compass

Group USA, Inc., incorrectly named as Compass One, LLC in the above-captioned matter.

Dated: September 24, 2020          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

 /s/ Caitlin R. Convery
Caitlin R. Convery, D.C. Bar No. 1047624
1800 K Street, NW, Suite 1000
Washington, DC 20006
Tel.  (202) 783-8400
Fax  (202) 783-4211
cconvery@shb.com

*Attorney for Defendants*
*Crothall Healthcare Inc.,*
*Crothall Facilities Management, Inc., and*
*Compass Group USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 24th day of September, 2020, a copy of the foregoing document was filed electronically this day and is available for viewing from the Court's ECF system. Notice of this filing will be sent to all counsel of record via the Court's ECF system. Parties may access this filing through the Court's system.

Benjamin T. Boscolo
Michael D. Reiter
CHASENBOSCOLO INJURY LAWYERS
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
BBoscolo@chasenboscolo.com
Mreiter@chasenboscolo.com

*Attorneys for Plaintiff*

*/s/ Caitlin R. Convery*
Caitlin R. Convery